**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | |
|---|---|
| MARY CROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No. 3:10-cv-0445 |
| v. ) | |
| ) | JUDGE ECHOLS |
| SIMPSON STRONG-TIE COMPANY, ) | MAGISTRATE JUDGE KNOWLES |
| INC., ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, this Proposed Initial Case Management Order is submitted by Counsel for the above parties. Counsel for Plaintiff and Defendant respectfully request that this Order be entered by this Honorable Court.

1. **Jurisdiction.** This Court's jurisdiction in this matter is based upon diversity of citizenship and not in dispute amongst the parties.

2. **Service of Process.** The Defendant has been served with process.

3. **Responsive Pleadings.** The Defendant filed its Answer on May 21, 2010.

4. **The Parties' Theories of the Case:**

    (a) **Plaintiff's Theory.**

    Plaintiff was hired by Quick Drive U.S.A. on or about October 16, 1995 as a 2nd Shift machine operator. During her employment she was promoted to lead person of 2nd Shift, then to supervisor of 3rd Shift. During the next nine (9) to 10 years, Plaintiff was moved to other shifts to help when problems would arise.

In approximately 2004, Simpson Strong Ties bought Quick Drive U.S.A.

On February 14, 2006, Plaintiff was injured at the start of her shift when a large electric dock door jammed, falling on her shoulder close to her neck. Plaintiff reported the injury near the end of her shift to her boss, Production Manager, Doug Mangrum, when he arrived.

Within the next few days, the pain in her neck, shoulder, back and legs was worsening. Plaintiff then told the Human Resource Manager, Melissa Whited, that she needed medical attention. Plaintiff was then treated through worker's compensation for 16 visits with a chiropractor, Dr. Goff, for spinal injuries.

Plaintiff continued to see various doctors and therapists, although the pain continued to worsen. Testing reveal spinal injurie3s, and Dr. Powell performed surgery on her lower spine on August 16, 2007. Plaintiff returned to work with restrictions approximately six (6) to seven (7) weeks. Later. Plaintiff was told by Mr. Mangrum that he had no problem with her restrictions.

Following further testing in May of 2008, Plaintiff had neck surgery. She returned to work after Labor Day, 2008 with restrictions. Again, Doug Mangrum (Production Manager), Melissa Whited (Human Resources) and Jim Joseph (Plant Manager, had no problems with Plaintiff's restrictions.

In October of 2008, Plaintiff attended a meeting in Cookeville with the Labor Board, where comments were made as to why Plaintiff should keep her job.

In November of 2008, Plaintiff's shift (3rd) was shut down and employees were sent to 1st shift in January of 2009.

In January of 2009, Plaintiff and two other lead hands were instructed to cover all breaks while a male supervisor was not instructed to do so. Covering breaks was against Plaintiff's

restrictions. Plaintiff was told by management that if she could not cover breaks, they had nothing for her to do, and Plaintiff was told to go home.

Plaintiff showed Dr. Powell's restrictions to Human Resources, but was nonetheless told to cover breaks when she returned to work. Again, the male supervisor, Bobby Burkett, did not have to cover breaks.

On February 1, 2009, Plaintiff worked 2nd Shift for five (5) weeks. In March of 2009, she was sent to 1st Shift to run a machine against her restrictions. Plaintiff was told by Jim Joseph not to lift or pull anything, as she had already cost Defendant "enough damn money."

Plaintiff was terminated from her employment on April 2, 2009. She was told in a meeting that they have nothing for people with restrictions to do.

Plaintiff was an exemplary employee and had no disciplinary action taken against her during her employment which would have given Defendant any legitimate business reason for terminating her.

(b) **Defendant's Theory.**

Plaintiff's employment was terminated as part of a reduction in force. Plaintiff's assertion of her right to benefits pursuant to Tennessee's workers' compensation laws was not a factor in the decision to terminate her employment.

5. **Other Claims**. At this time, the parties are not aware of the need for any counterclaims, cross-claims, third-party claims, joinder of the parties or claims. Should the parties become aware of the need for such pleadings, then they will inform the other of the same.

6. **Amendment of Pleadings.** Any motions to amend the pleadings shall be filed no later than **November 23, 2010**.

7. **Discovery**:

   (a) **Initial Disclosures** – The parties shall serve their FRCP 26(a)(1) Initial Disclosures on or before **August 13, 2010**.

   (b) **Written Discovery** – Written discovery shall be submitted in order that responses can be timely provided on or before **December 31, 2010**.

   (c) **Depositions** - Deposition of fact witnesses shall be completed on or before **February 28, 2011**. Depositions of experts shall be completed on or before **May 6, 2011**.

   (d) **Experts** - Plaintiff shall disclose the identity of her expert witness(es) with a summary of what the expert will testify to at trial on or before **February 23, 2011**. The Defendant will disclose the identity of its expert witness(es) with a summary of the testimony each will provide during trial on or before **April 8, 2011**.

   (e) **FRCP 26(f) Conference** – The Initial Case Management Conference shall serve as the FRCP 26(f) discovery conference.

   (f) The deadline for filing discovery related motions is **March 18, 2011.**

8. **Alternative Dispute Resolution.** The parties agree that this case has potential to be settled outside of the Court, and that the best time to discuss settlement is after all the discovery has been completed.

9. **Dispositive Motions.** All dispositive motions shall be filed with this court on or before **April 22, 2011**. Responses shall be filed within thirty (30) days after service of the motion. Replies shall be filed with the Court within ten (10) business days after service of the response.

10. **Estimated Trial Time.** The parties expect the trial to last approximately three (3) to four (4) days. The target trial date is September 13, 2011.

IT IS SO ORDERED.

_____
MAGISTRATE JUDGE KNOWLES

APPROVED FOR ENTRY:


s/ Andy L. Allman
Andy L. Allman (TN BPR. No. 17857)
KELLY, KELLY & ALLMAN
629 East Main Street
Hendersonville, TN  37075
(615) 824-3703 (phone)
(615) 824-2674 (fax)
andyallman@comcast.net

*Attorneys for Plaintiff*