UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Mary Crook,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Simpson Strong-Tie Company, Inc.,** ) <br> ) <br> **Defendant.** ) <br> ) | **Case No. 2:10-cv-0099** <br> **Consolidated with 3:10-cv-0445** <br><br> **Judge Trauger** <br><br><br> **JURY DEMAND** |

## REVISED PROPOSED CASE MANAGEMENT ORDER

Come the parties by and through counsel pursuant to LR 16.01(d) and submit this Revised Proposed Case Management Order consistent with the proceedings at the December 20, 2010 Case Management Conference. The parties propose that in light of the consolidation of Case No. 2:10-cv-0099 with Case No. 3:10-cv-0445, a new pretrial and schedule be established governing both cases.

**1.      Jurisdiction**

The Court has federal question jurisdiction over Plaintiff's statutory discrimination claims pursuant to 28 U.S.C. § 1331. The Court has diversity jurisdiction over Plaintiff's Tennessee common law claim of retaliatory discharge for filing a workers' compensation claim under 28 U.S.C. §§ 1441 and 1446 because Plaintiff is a resident of Tennessee and Defendant is incorporated in California and has its principal place of business in California, and because the amount in controversy exceeds $75,000. The parties do not dispute this Court's jurisdiction.

## 2. Plaintiff's Theory of the Case

Plaintiff, Mary Crook ("Plaintiff"), is a resident of Macon County, Tennessee. Plaintiff was employed at all times relevant herein by Simpson Strong-Tie Company, Inc., Defendant ("Defendant"), in Sumner County, Tennessee. Defendant is a foreign corporation located and doing business at 375 Belvedere Drive North, Gallatin, Tennessee.

At all times during the employment relationship between the parties, Plaintiff was an at-will employee. Plaintiff was hired by Quick Drive U.S.A. on or about October 16, 1995 as a 2nd Shift machine operator. During her employment, she was promoted to lead person of 2nd Shift, then to supervisor of 3rd Shift. During the next nine to ten years, Plaintiff was moved to other shifts to help when problems would arise.

In approximately 2004, Defendant bought Quick Drive U.S.A. On February 14, 2006, Plaintiff was injured at the start of her shift when a large electric dock door jammed, falling on her shoulder close to her neck. Plaintiff reported the injury near the end of her shift to her boss, Production Manager Doug Mangrum, when he arrived. Within the next few days, the pain in her neck, shoulder, back, and legs was worsening. Plaintiff then told the Human Resource Manager, Melissa Whited, that she needed medical attention. Plaintiff was then treated through Worker's Compensation for visits with a chiropractor, Dr. Goff, for spinal injuries. Plaintiff continued to see various doctors and therapists, although the pain continued to worsen. Testing revealed spinal injuries, and Dr. Powell performed surgery on her lower spine on August 16, 2007. Plaintiff returned to work with restrictions approximately six to seven weeks later. Plaintiff was told by Mr. Mangrum that he had no problem with her restrictions.

Following further testing in May of 2008, Plaintiff had neck surgery. She returned to work after Labor Day, 2008 with restrictions. Again, Doug Mangrum (Production Manager), Melissa Whited (Human Resources), and Jim Joseph (Plant Manager) had no problems with Plaintiff's restrictions.

In October of 2008, Plaintiff attended a meeting in Cookeville with the Labor Board, where comments were made as to why Plaintiff should keep her job. In November of 2008, Plaintiff's shift (3) was shut rd down and employees were sent to 1st shift in January of 2009. In January of 2009, Plaintiff and two other lead hands were instructed to cover all breaks, while a male supervisor was not instructed to do so. Covering breaks was against Plaintiff's restrictions. Plaintiff was told by management that if she could not cover breaks, they had nothing for her to do, and Plaintiff was told to go home. Plaintiff showed Dr. Powell's restrictions to Human Resources, but was nonetheless told to cover breaks when she returned to work. Again, the male supervisor, Bobby Burkett, did not have to cover breaks.

On February 1, 2009, Plaintiff worked 2nd Shift for five weeks. In March of 2009, she was sent to 1st Shift to run a machine against her restrictions. Plaintiff was told by Jim Joseph not to lift or pull anything, as she had already cost Defendant "enough damn money." Plaintiff was terminated from her employment on April 2, 2009. She was told in a meeting that they have nothing for people with restrictions to do. Male employees who had also filed worker's compensation complaints were not terminated.

Plaintiff was an exemplary employee and had no disciplinary action taken against her during her employment which would have given Defendant any legitimate business reason for terminating her.

3. **Defendant's Theory of the Case**

Defendant terminated Plaintiff, among others, in a reduction-in-force unrelated to her gender or the fact that she had incurred a workplace injury years earlier.

4. **Issues Resolved:** Jurisdiction and Venue.

5. **Issues Still In Dispute:** Liability and Damages

6. **Initial Disclosures:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 28, 2011.

7. **Discovery:** The parties shall complete all written discovery and depose all fact witnesses on or before August 26, 2011. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

8. **Motions to Amend:** The parties shall file all Motions to Amend on or before April 18, 2011.

9. **Disclosure of Experts**: The parties do not anticipate having expert witnesses

10. **Dispositive Motions:** The parties shall file all dispositive motions on or before October 15, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**11**.     **Electronic Discovery:**  The parties do not anticipate that electronic discovery will be necessary in this case. However, in the event issues arise regarding electronic discovery, the parties agree that Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('EDiscovery'),"entered July 9, 2007, shall apply "[a]s feasible." In addition, because counsel represented that they do not anticipate discovery of electronically stored information, in the event electronic discovery issues arise, they may deviate from the provisions of Administrative Order No. 174, to the extent that they mutually agree to do so.

**12.**     **Estimated Trial Time:**  The parties expect the trial to last approximately 3 - 4 days.

**13.**     **Alternate Dispute Resolution**

The parties believe that ADR may be appropriate once all or a portion of the discovery has been completed.  The parties will sumit a joint mediation statement by September 1, 2011.

_____
United States District Judge

Respectfully submitted,

   s/ Andy L. Allman .
Andy L. Allman (BPR No. 17857)
629 East Main Street
Hendersonville, TN 37075
(615) 824-3703
kellykellyallman@comcast.net

*Counsel for Plaintiff, Mary Crook*

   s/  H. Rowan Leathers III
H. Rowan Leathers III  (BPR No. 10023)
MILLER & MARTIN, PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2433
(615) 744-8567
rleathers@millermartin.com

   s/  John L. Collins
John L. Collins (*Texas Bar No. 00796025 admitted pro hac vice*)
SEYFARTH SHAW LLP
700 Louisiana
Suite 3700
Houston, Texas 77002
(713) 225-0289
jcollins@seyfarth.com

*Counsel for Defendant Simpson Strong-Tie Company, Inc.*

12983541v.2